### UNION TRUST CO. OF LANCASTER, PA., v. BERWICK CONSOL. GAS CO.

(Circuit Court, M. D. Pennsylvania. January Term, 1910.)

#### No. 71.

CORPORATIONS (§ 480*)—MORTGAGES—TRANSFER OF MATURED COUPONS—PRIORITY OF LIEN.

The trustee in a mortgage given by a corporation to secure bonds was also the owner of the larger part of the bonds and held the coupons from the remainder for collection. It transferred the coupons which had matured on a certain date to the president of the mortgagor, who paid the amount due thereon; the trustee having knowledge of the fact that the corporation did not furnish the money. The mortgage provided for the payment of the coupons before the principal. *Held*, that the transaction did not operate as a cancellation of the coupons, but amounted to an agreement binding on the trustee and the other bondholders for whom it acted, that they should remain in force and should retain their preference as a lien over the principal of the bonds.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 480.*]

In Equity. Suit by the Union Trust Company of Lancaster, Pennsylvania, against the Berwick Consolidated Gas Company. On distribution of proceeds of foreclosure sale.

John M. Groff, of Lancaster, Pa., for plaintiff.
Henry C. Niles, of York, Pa., for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WITMER, District Judge. The fund for distribution was realized on order of court appointing S. C. Jayne and William E. Barrett as master commissioners to foreclose a certain mortgage dated November 21, 1903, given by the Berwick Consolidated Gas Company to the Union Trust Company of Lancaster, trustee for the mortgage bondholders. The total bond issue outstanding was $90,000, of which, on July 1, 1905, $60,000 were owned by the Union Trust Company and the remaining $30,000 by parties other than the trust company. The coupons that matured on these bonds, January 1, 1905, were on July 5, 1905, in the possession of the trust company, by whom the same were delivered to A. V. Sickels, then president of the mortgage company, on payment of $2,250. The trust company at the time of such delivery knew that the mortgage company did not pay the coupons when it accepted the money from Sickels on delivery of the coupons. Their further understanding appears from a letter of the company's treasurer transmitting the same, viz.:

"These coupons are uncanceled with the exception of twenty-five dollars ($25.00) being two coupons of twelve dollars and fifty cents ($12.50) each, which were canceled in error by this institution. We have noted the same on the back of the coupons, which will enable you to hold them as lien against the company and in case any question should arise in regard to cancellation this institution will stand back of them ready to make good that amount."

Since then these coupons have been legally vested by proper assignment in the Knickerbocker Trust Company of New York.

The question is whether the coupons are a preference and entitled to payment before the principal of the outstanding bonds.

The mortgage provides the manner or order of distribution of the proceeds of sale of the mortgaged property: First, to payment of interest due thereon; and, second, to the payment of the principal. The answer would readily follow, were it not argued that the passing of the coupons through the hands of the president of the mortgage company operated as a cancellation of the coupons and not as a mere assignment. While it is true, as between the coupon holder and claimants for the principal of the bonds, the latter are entitled to the benefit of the presumption that it was the mortgagor who furnished the funds and the coupons were paid and canceled and not purchased, nevertheless this presumption, like any other, will yield to the agreement of the parties to the transaction, implied or otherwise. The case of Fidelity Insurance, Trust & Safe Deposit Co. v. West Penn & Shenango R. Co., 138 Pa. 494, 21 Atl. 21, 21 Am. St. Rep. 911, was cited as showing that a private arrangement between a third party and a mortgagor, concerning the payment of mortgage bond coupons paid with money furnished by such third party, is not enforceable against the bondholders and that the transaction should be treated as a payment by the former. It will be noted also, upon a further examination of this case, that such arrangement is binding where the bondholders themselves are consulted and made parties. To the same effect is section 771, p. 2058, Cook on Corporations (5th Ed.) vol. 3. While being trustee, the Union Trust Company was also owner of $60,000 of bonds and in the possession, as well, of the coupons of the

remainder of the total issue. As such it must be regarded, in the transaction, as acting for itself and as agent for those whose coupons it delivered to Sickels whereby all the holders were bound by the action of the company in obtaining the money for their share of the coupons transferred.

It may be assumed that the letter quoted refers to the two canceled bonds only, nevertheless the language employed implies assertion that the other bonds not canceled should also retain the lien given by the mortgagee, and this must be regarded as the agreement between the parties. The coupons are entitled to preference and payment before the principal of the outstanding bonds. It is therefore decreed that S. C. Jayne and William F. Barrett, the master commissioners, pay in manner to the Knickerbocker Trust Company, assignee of A. C. Sickels, or their solicitor, Henry C. Niles, Esq., the sum of $2,250, with interest thereon from January 1, 1905.